UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
        :
**DAVID BENSON-STAEBLER**,
        :
                  Plaintiff,
        :  **MEMORANDUM**
              **- against –**         **DECISION AND ORDER**
        :  17-CV-4519 (AMD) (ST)
        :
**CITY OF NEW YORK**, *et al.*,
        :
                  Defendants.
        :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On July 10, 2019, I dismissed the plaintiff's third amended complaint because it was convoluted and incomprehensible in violation of Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 78.) In light of the plaintiff's *pro se* status, I granted him leave to file a fourth amended complaint, and explained that he must amend his allegations to comply with Rule 8: "the plaintiff must set forth factual allegations against the defendants in a clear and concise manner, including which claims he brings against each defendant and how he believes he was wronged." (*Id.* at 7.) I also advised the plaintiff to avoid using Latin phrases and flowery language that would obscure rather than enhance the allegations in his complaint. (*Id.* at 8.) Finally, I suggested that the plaintiff could refile a previous complaint prepared by his former attorney, the content of which the defendants had previously acknowledged was understandable. (*Id.* at 7-8.) I warned the plaintiff that I would dismiss the action if he did not correct the issues identified in my July 10 order. (*Id.* at 8.)

      On September 9, 2019, the plaintiff filed his fourth amended complaint. (ECF No. 80.) But the plaintiff did not correct the deficiencies of the third amended complaint. On the contrary, the fourth amended complaint is 339 pages long, even longer and more confusing than

the third amended complaint. Despite its length, the fourth amended complaint still did not specify what each of the 88 named defendants was alleged to have done, and was filled with flowery language, inapposite Latin phrases and convoluted sentence structure. Accordingly, on September 18, 2019, I dismissed the fourth amended complaint because it did not comply with Rule 8 and the Clerk of Court entered a judgment the next day. (ECF No. 86.)

On October 16, 2019, the plaintiff moved for reconsideration of the order dismissing the case. (ECF Nos. 87, 88.) The plaintiff argues that I should not have dismissed the case because the complaint's length and style were merely "technical" flaws, and not reason to dismiss his complaint. (ECF No. 88 ¶¶ 6.1-7.2.) The plaintiff also argues that I should recuse myself, presumably because I presided over criminal cases in Brooklyn Supreme Court for a period of time in 2014 when I was a New York State judge. (*Id.* ¶¶ 8.0; ECF No. 91 at 10, 10 n.23 ("[T]he Hon. Ann M. Donnelly clearly has conflicts of interest in friendships, recent collegial relations, social relations, et cetera . . . the Defendant municipality was the employer of Her Honor while Defendants were committing tort injuring Plaintiff.").

The motion to recuse is denied. Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citations and quotation marks omitted). The plaintiff argues that I should recuse myself because I was employed by the City in 2014, at the time of the events at issue in this lawsuit. Even if I had been a City employee six years ago, it would not have been grounds for recusal. In fact, I was not a City employee; I was assigned to Kings County

2

Supreme Court for a part of that year in a position in the judicial branch of the State of New York.  More importantly, I am not biased against the plaintiff.  I have given him numerous opportunities to amend his complaint, encouraged him to simplify his filings, and explained how he could avoid dismissal—by filing an amended complaint that clearly and simply explained which parties he was suing and why he was suing them, or by refiling the complaint that his former lawyer filed.  The plaintiff decided not to follow that guidance, which is what led to the dismissal.  There is no basis for recusal.

The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court, and is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.  *See Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 132-33 (2d Cir. 1999) (citation omitted).  The standards in Rule 59(e) and Local Rule 6.3 are identical.  *Regan v. Conway*, 768 F. Supp. 2d 401, 408 (E.D.N.Y. 2011) (citation omitted).  "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."  *McAnaney v. Astoria Fin. Corp.*, 233 F.R.D. 285, 287 (E.D.N.Y. 2005) (citations omitted).  Reconsideration may also be granted to "correct a clear error or prevent manifest injustice."  *Id.* (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The plaintiff has not established either ground for reconsideration.  Contrary to the plaintiff's characterizations, I did not dismiss his fourth amended complaint because of technical disagreements with its length and style.  As explained at length in the Court's orders on July 10, 2019 (ECF No. 78), and September 18, 2019, the plaintiff's word choices and sentence structure

3

render his complaints utterly incomprehensible.  By way of example only, Count One of the plaintiff's fourth amended complaint reads as follows:

> Defendant (General) Default Count.  Given the preponderance of: Defendant's counsel's litigation-abuse without substantive merit-touching argument; the Defendants' false, implausible, and non-substantive Pleading; the evidentiary circumstances relevant and material; or the contumacious character of Defendants' conduct before this Court in this matter: Defendants have defaulted and continue increasing the ripening of Defendants' default circumstances as described at ¶ 1103; Defendants have caused sufficient contempt by Defendant Party that Defendants have defaulted in the instant Action and are subject to ¶ 1103, Remedy upon Defendants' default.  Such a sufficient basis may be Plaintiff's having been maliciously seized and removed without reasonably arguable probable cause with the purpose of fraudulently and via coercive-preclusion-of legitimate-institution of State-seizure-process-at-law instituting malicious continuing seizure still injuring Plaintiff as other matters of law sufficiently reach from such basis sufficient inclusion of Plaintiff's damages Pleading.  Certain subsequent Counts are specifically identified as upon their finding contingently the instant Count and thus reaching the Claims and thereby Relief, as in all finding of the instant Count: such include among: Count CCXII (Casciola no witnesses; C & C trying to step into ¶ 27 shoes to fabricate account as specified threatened by Defendants until the removal of ¶ 22 when defendants intensified assault and retaliation Count [CXXX]).  Defendants' being found to have defaulted does not depend on the finding of any specified Counts per se as Defendants' litigation abuse is resoundingly indicative of disposition constantly and thoroughly demonstrative of the perversions, spoliation, tortious furtherance, obstruction, Rule violations, and contempt of a Party making brazenly illegitimate resistance violating this United States Court and duties binding of a litigant's continue participation in defending as opposed to compounding liability.

(ECF No. 80 ¶ 20 (footnote omitted).)

This paragraph is obviously unintelligible, and it does not give the defendants notice of what they did wrong, how the plaintiff was injured and whether there is a legal basis for relief. The balance of the fourth amended complaint is likewise incomprehensible, and violates Rule 8 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a)(2) (Rule 8 requires a complaint to "contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (The "principal function

of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") (citations omitted).

The plaintiff is right that the federal rules do not require "perfect" pleadings, especially for *pro se* litigants. That is why I gave him the opportunity to amend his complaint, and explained what he had to do to comply with Rule 8. I instructed the plaintiff to avoid inapplicable Latin phrases and flowery language, not to "reduce Plaintiff's burden of needing to state matters sufficient to formal standards" (ECF No. 88 ¶ 7.1), but to make sure that the defendants and the Court could understand the essence of his complaint. That goal is best accomplished by writing in a simple, straightforward way. A person reading the fourth amended complaint has no way of understanding what happened to the plaintiff, who wronged him or if there is a cause of action. Accordingly, his motion for reconsideration is denied.[1]

---

[1] The plaintiff's motion also is untimely. Under Local Rule 6.3, a party may bring a motion for reconsideration within fourteen days after the entry of judgment. The Clerk of Court entered judgment in favor of the defendants on September 19, 2019, but the plaintiff filed his motion on October 16, 2019, twenty-seven days later. The plaintiff characterizes this argument as a "trick" and suggests it is sanctionable under Rule 11 of the Federal Rules of Civil Procedure. On the contrary, the defendants' argument is a straightforward application of Local Rule 6.3, and is an independent basis for dismissing the plaintiff's motion.

## CONCLUSION

The plaintiff's motion for reconsideration and motion for recusal are denied.

**SO ORDERED.**

        s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       June 16, 2020